**COMMONWEALTH of Pennsylvania,**
**Appellant,**

v.

**Julie Lynn HESS, Appellee.**

Superior Court of Pennsylvania.

Submitted July 12, 1999.

Filed Jan. 12, 2000.

Before DEL SOLE, EAKIN and BECK, JJ.

EAKIN, J.:

¶ 1 The Commonwealth appeals from the order denying reconsideration of appellee Julie Lynn Hess' sentence. We affirm.

¶ 2 On February 19, 1998, appellee threw or dropped her forty-five day-old son to the floor, causing a fractured skull and brain swelling. Appellee pled guilty to aggravated assault, but at the sentencing hearing, changed her plea to *nolo contendere*.[1] Following a pre-sentence investigation, she was sentenced to an eight-year period of probation, which included house arrest, intensive supervision, community service, and mandatory completion of her education or acquiring a GED.

¶ 3 Because this sentence was below the guideline range, the trial court issued a contemporaneous written statement pursuant to 42 Pa.C.S. Section 9721(b) and 204 Pa.Code Section 303.1(d). The Commonwealth filed a motion for reconsideration, asking the court to vacate the sentence and impose a standard range sentence.[2] Following denial of its motion, the Commonwealth appealed, arguing the trial court erred when it imposed probation instead of total confinement, failed to follow the sentencing guidelines, and imposed an excessively lenient and unreasonable sentence, considering the Sentencing Code as a whole.[3]

¶ 4 Our standard of review in an appeal from the discretionary aspects of a sentence is well settled:

support of appeal as required by 42 Pa.C.S. Section 9781(b), Pa.R.A.P. 2119(f), and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). "A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges raises a 'substantial question' which is reviewable on appeal." *Commonwealth v. Davis*, 737 A.2d 792, 799 (Pa.Super.1999) (citations omitted).

Ronald T. Elliott, Asst. Dist. Atty., New Bethlehem, for Com., appellant.

Mark T. Aaron, Clarion, for appellee.

1. The Commonwealth agreed to *nol pros* charges of criminal attempt, endangering the welfare of children, simple assault, recklessly endangering another person and harassment.

2. The guideline sentences in this case are: mitigated range, twenty-four to thirty-six months; standard range, thirty-six to fifty-four months; and aggravated range, fifty-four to sixty-six months. 204 Pa.Code § 303.16.

3. The Commonwealth's brief contains the requisite statement of reasons relied upon in

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Burkholder*, 719 A.2d 346, 350 (Pa.Super.1998) (citations omitted); 42 Pa.C.S. § 9781(c). Furthermore, in exercising its discretion,

the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as he also states of record "the factual basis and specific reasons which compelled him to deviate from the guideline range."

*Commonwealth v. Gibson*, 716 A.2d 1275, 1277 (Pa.Super.1998)(quoting *Commonwealth v. Johnson*, 446 Pa.Super. 192, 666 A.2d 690, 693 (1995) (citations omitted)).

¶ 5 The court found appellee did not require incarceration to prevent her from committing future crimes, and that incarceration was not likely to have any deterrent effect on the future criminal activity of others who might injure their infant children. The Commonwealth claims, however, that "incarceration would have signaled to the community that our system does not permit child abuse of any kind or nature and a message is sent that if you injure a child you will go to jail." Commonwealth's brief, at 13. It is claimed the

sentence depreciated the seriousness of the crime.

¶ 6 "Message sending" considerations of this sort are targeted at two audiences: others similarly situated and the public at large. The former requires the sentencing court to predict how the future behavior of others will be altered in response to this sentence. We are not certain that other mothers of appellant's chronological and mental age will be affected one way or the other by this sentence. That is, appellant's condition is sufficiently unique to justify ranking "message sending" lower on the court's order of considerations than might be appropriate in other child abuse cases.

¶ 7 While the public has a need to know the justice system will impose consequences for criminal behavior, there is the countervailing notion that the public should know the system is not inflexible, and a court may consider all the factors unique to a given case. The requirement of a contemporaneous explanation for the sentence is in accord with this.[4] While we cannot concur in all the court's reasoning, clearly the court did not fail to explain what it did and why.

¶ 8 The trial court set forth its reasons in its contemporaneous written statement and its memorandum denying the motion for reconsideration. While the court acknowledged the serious nature of appellee's crime, it opined this aggravated assault was not as serious as the Sentencing Commission contemplated when it designated an Offense Gravity Score (OGS) of eleven in the guidelines. The court also reasoned that emphasizing only the harm caused without further considering the danger appellee will commit future crimes, and whether the sentence will deter others from committing similar crimes, reflects the "crude retaliation theory." This theo-

---

4. The sentencing guidelines are advisory, and "[i]f the court then finds it appropriate to sentence outside of the guidelines, of course, it may do so as long as it places its reasons for the deviation on the record." *Common-* *wealth v. Dutter*, 420 Pa.Super. 565, 617 A.2d 330, 333 (1992)(quoting *Commonwealth v. Cornish*, 403 Pa.Super. 492, 589 A.2d 718, 721 (1991)).

ry, the court stated, is one which many commentators and judges have denounced as an unacceptable policy for determining the severity of a sentence. Thus, the court determined that although harm caused to appellee's son is an important factor, incarcerating appellee only because of this injury would be nothing more than retaliation.

¶ 9 We disagree with the conclusion appellee's crime was not within the Sentencing Commission's contemplation. This aggravated assault caused serious bodily injury, recklessly under circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S. § 2702(a)(1). We cannot conclude fracturing a child's skull does not warrant the crime's grading and this OGS. No one disputes serious bodily injury to the victim was caused by appellee, and letters from the child's treating physicians indicate the injuries will probably include permanent disability. An OGS of eleven is hardly inappropriate for causing permanent disability.

¶ 10 Various theories of criminal responsibility were considered in formulating the guidelines, and we will not join the never-ending debate of the merits of these theories; such dialogue is undoubtedly worthwhile, but this debate will go on into the millennium and beyond. We note, however, that assigning potential and advisory penalties proportionate with the injury caused by criminal activity should not be characterized as simple retaliation. Not only does the penalty make a point with the wrongdoer, and future wrongdoers, but it also serves to satisfy the public's need to know that our justice system will impose consequences commensurate with the criminal behavior. If this be deemed simple or "crude" by some, it is deemed simple justice by an equal number of others.

¶ 11 42 Pa.C.S. Section 9722(1)-(12) sets forth factors the sentencing court should consider when determining the severity of a sentence. The Commonwealth claims that based upon these factors, a sentence of probation should not have been entered. While these factors should be accorded weight, they are "not controlling [upon] the discretion of the court." 42 Pa.C.S. § 9722. The sentencing court indicated that when all twelve factors in Section 9722 are considered, they mandate neither a sentence of probation nor a sentence of incarceration.

¶ 12 A court shall impose a sentence of total confinement, pursuant to 42 Pa.C.S. Section 9725, where there is an undue risk the party will commit another crime or is in need of correctional treatment that would be provided most effectively by commitment to an institution, or where a lesser sentence would depreciate the seriousness of the crime. Appellee is not in danger of committing similar crimes because she no longer has custody of her son and does not have other children. Further, although the Commonwealth argues appellee could benefit from the rehabilitative programs and opportunities offered by the state penal system, the Commonwealth presents us with no evidence indicating incarceration would be more effective than the detailed probation imposed. While we might have decided upon a different plan, that is not the test on appeal.

¶ 13 Appellee was fifteen days beyond her eighteenth birthday when she committed the assault. The Commonwealth contends that since there was evidence appellee has the mental and emotional tendencies of a twelve-year-old, she would benefit from the rehabilitative opportunities offered by incarceration in a state prison. The court, reluctant to agree, opined that exposing a "child to the inevitable trauma of prison may be necessary if she were dangerous or if her incarceration would serve as a deterrent to others from injuring their children." Trial Court Opinion, 2/18/99, at 4. The court also found appellee immature, and opined imprisonment would have a counterproductive effect upon her rehabilitation, concluding supervision, community service

and education were more likely to transform appellee into a responsible adult.

¶ 14 The trial court reiterated in its memorandum that it took into consideration appellee's conduct and demeanor when she entered her plea, the judge's knowledge of the related dependency case, evidence at the sentencing hearing, the applicable sentencing guidelines, and the pre-sentence report,[5] which included a tape-recorded interview with appellee.

¶ 15 Another factor the sentencing court considered was the belief appellee had already been "punished" during parallel civil proceedings, where her son was declared dependent and taken from her. We do not doubt appellee is sorry to have lost her child, but removing a child from the custody of one who abused the child is no more punishment than taking alcohol away is for an alcoholic. Taking the child away from appellee is not so much punishment for appellee as it is safety for the child; leaving the child with appellee would have exposed the child to the potential for additional abuse.

 ¶ 16 The court acknowledged that the extent of appellee's remorse for her actions was a factor considered in her sentence. Contrary to the Commonwealth's argument, the court found appellee to be extremely remorseful based upon her words, conduct, and demeanor throughout the proceedings and her interview with her probation officer. The sentencing court

had the benefit of observing appellee during the dependency hearing at which her son was removed from her custody. We have no reason to doubt the finding of appellee's remorse, and when reviewing sentencing matters, we accord the court great weight as it is in the best position to view appellant's "character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Brown*, 1999 Pa.Super. 257, ¶ 25, 741 A.2d 726 (1999) (citations omitted).

■ ¶ 17 In sum, the court and the Commonwealth disagree, and both make worthwhile points; however, we cannot find the court's result improper or unsupported, and will not overturn the sentence simply because there is a disagreement. Although the court imposed a lenient sentence, and while some of its considerations were misguided, we cannot say its considerations constituted an abuse of discretion. Thus, we hold the Commonwealth's motion for reconsideration of sentence was not improperly denied.

¶ 18 Order affirmed.

---

5. Where pre-sentence reports exist, we presume the judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating factors. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12, 18 (1988).