J-S31035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                               :   PENNSYLVANIA
                                               :

              v.                           :
                                               :
                                             :

JOSE CAMACHO                        :
                                             :
                  Appellant          :   No. 2115 EDA 2017

Appeal from the Judgment of Sentence June 17, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010251-2014

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:             **FILED DECEMBER 11, 2018**

Appellant Jose Camacho seeks review of the Judgment of Sentence imposed after he entered an open guilty plea to one count of Possession with Intent to Deliver ("PWID") and related offenses.  He challenges the discretionary aspect of his sentence.  After careful review, we affirm.

We glean the underlying facts and procedural history from the certified record.  During the Spring 2014, police officers conducted an extensive drug trafficking investigation, after which they arrested Appellant and others for importing and selling large quantities of heroin in Philadelphia.  On March 25, 2015, Appellant entered an open guilty plea to one count each of PWID, Conspiracy to PWID, Criminal Use of a Communication Facility, and Possession

of an Instrument of Crime.[1] The court ordered a pre-sentence investigation and report ("PSI").

On June 17, 2015, the court held a sentencing hearing at which the prosecutor asked the court to impose a standard range sentence of five to ten years' incarceration followed by probation, rather than an aggravated range sentence. N.T. Sentencing, 6/17/15 at 7.[2] The sentencing court noted its review of the PSI report, Appellant's history of not using drugs, his acceptance of responsibility, and two letters written by his sister and his pastor, respectively. *See* N.T. Sentencing, 6/17/15, at 9-10. The court then imposed a term of five to ten years' incarceration for the PWID conviction, followed by an aggregate of ten years' probation.[3]

On June 26, 2015, Appellant filed a Motion for Reconsideration of Sentence, which was denied by operation of law on October 29, 2015. Appellant filed a timely PCRA Petition *pro se* on August 12, 2016. After the appointment of counsel, Appellant filed an amended Petition on January 7,

_____

[1] 35 Pa.C.S. § 780-113(a)(30); 18 Pa.C.S. § 903(c); 18 Pa.C.S. § 7512(a); and 18 Pa.CS. § 907(a), respectively.

[2] The prosecutor noted that the offense gravity score was 13 and his prior record score was 0, so the guidelines recommend a minimum sentence of 60 to 78 months' incarceration, plus or minus 12.

[3] Specifically, the court sentenced Appellant to five to ten years' incarceration followed by five years' probation for PWID; ten years' probation for conspiracy; seven years' probation for criminal use of a communication facility; five years' probation for the firearms offense, with all the probation sentences to run consecutive to incarceration and concurrent with one another. The court found Appellant was not RRRI eligible.

2017. On June 22, 2017, the court granted PCRA relief and reinstated Appellant's appeal rights *nunc pro tunc*.

Appellant timely filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In his Brief, Appellant raises the following issue for our review:

> Is Appellant entitled to a new sentence hearing when the trial court based its sentencing decision on conclusions not supported by the record and actions of the Appellant that were an assertion of constitutional rights?

Appellant's Brief at 2.

Appellant contends that his sentence of five to ten years' incarceration is excessive, inappropriate, and constitutes an abuse of discretion. Appellant's Brief at 3. He also avers that the court imposed sentence without consideration of the factors set forth in 42 Pa. C.S. § 9721(b).[4]

There is no absolute right to appeal when challenging the discretionary aspect of a sentence. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). We must conduct a four-part analysis before we may address the merits of such a challenge. ***Id.*** Under this analysis, we must determine:

---

[4] Section 9721 provides, in relevant part, that "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation)." 42 Pa.C.S. § 9721(b).

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief contained a 2119(f) statement; and (4) whether there is a substantial question that the sentence appealed from is inappropriate under the Sentencing Code. *Id*.

Whether a substantial question has been raised regarding discretionary sentencing is determined on a case-by-case basis. *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012).

Appellant timely filed his Notice of Appeal after the reinstatement of his appeal rights, preserved his challenge in a Post-Sentence Motion,[5] and included a Pa.R.A.P. 2119(f) Statement in his Brief. Thus, we must next

---

[5] The Commonwealth argues that Appellant waived his right to challenge to the discretionary aspects of his sentence because he did not raise any of the issues raised before this Court in his Post-Sentence Motion. Commonwealth's Brief at 5. Though thinly argued in his June 27, 2015 Motion for Reconsideration of Sentence, we conclude that Appellant preserved the issues. We, thus, decline to find waiver.

determine whether Appellant has raised a substantial question justifying this Court's review.

In his Rule 2119(f) Statement, Appellant asserts that his sentence is "manifestly excessive" and unduly harsh, and imposed without consideration of mitigating factors or the factors set forth in 42 Pa.C.S. § 9721(b). **See** Appellant's Brief at 3.[6] Such claims raise a substantial question. **Glass**, **supra** at 727. Therefore, we will review the merits of his sentencing challenge.

Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal without a manifest abuse of that discretion. **Commonwealth v. Hess**, 745 A.2d 29, 31 (Pa. Super. 2000). To constitute an abuse of discretion, the sentence must either exceed the statutory limits or be manifestly excessive; it is not shown merely by an error in judgment by the court. **Commonwealth v. Mouzon**, 828 A.2d 1126, 1128 (Pa. Super. 2003). Rather, the appellant must demonstrate, by

---

[6] Appellant's Pa.R.A.P. 2119(f) statement, single-spaced with letters in 8-pt type, is not compliant with our briefing requirements. **See** Pa.R.A.P. 124(a)(3), (4) (requiring double-spacing and lettering no smaller than 14-pt type). Similarly, counsel used 8-pt type throughout Appellant's Brief. In addition, the Rule 2119(f) statement, a rambling, self-serving recitation of sentencing court errors, inaccurately states that Appellant's sentence is 10 to 20 years' incarceration. Because the text of Appellant's argument correctly notes that Appellant's sentence of incarceration is 5 to 10 years, we decline to hold counsel's errors against Appellant. However, we strongly recommend that, in the future, counsel comply with our rules of appellate procedure prior to submitting any filings with this Court.

reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Id.* In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as the sentencing judge is in the best position to measure factors such as the nature of the crime, the defendant's character, and the display of remorse, defiance, or indifference. *Commonwealth v. Ellis,* 700 A.2d 948, 958 (Pa. Super. 1997).

A sentencing court is required to place on the record its reasons for the imposition of the sentence. 42 Pa.C.S. § 9721(b). The sentencing judge can satisfy this requirement by identifying on the record that he was informed by a presentence report. *Commonwealth v. Pennington*, 751 A.2d 212, 217 (Pa. Super. 2000). Where the sentencing court has the benefit of a pre-sentence report, the law presumes that the court "was aware of the relevant information regarding the defendant's character and weighed those considerations along with the mitigating statutory factors" delineated in the Sentencing Code. *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). "Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed." *Id.* In addition, the combination of a pre-sentence report and a standard range sentence, without more, cannot be considered excessive or unreasonable. *Commonwealth v. Cruz–Centeno*, 668 A.2d 536, 546 (Pa. Super. 1995).

Here, the trial court did not impose a manifestly excessive sentence for several reasons.

First, the Court was fully informed by Appellant's pre-sentence report and relied on the report in reaching its sentence. N.T. Sentencing, 6/17/15, at 3, 9. Further, the Court imposed a sentence that was within the standard guideline range. *Id*. at 8, 10. These two factors alone demonstrate that the Defendant's sentence was not manifestly excessive.

Moreover, because Appellant's sentence is within the sentencing guidelines, it is presumed reasonable and the burden is on Appellant to demonstrate that application of the guidelines was clearly unreasonable. *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing *Devers*, *supra*, and quoting *Commonwealth v. Fowler*, 893 A.2d 758, 766-67 (Pa. Super. 2006)). Appellant's bald allegation that the sentencing court failed to consider mitigating factors, without more, cannot defeat this presumption because the trial court imposed a standard guideline sentence.[7]

Based on the foregoing, we conclude that Appellant's challenge to the discretionary aspects of his sentence warrants no relief.

---

[7] Appellant's assertion—that the sentencing court abused its discretion in imposing this sentence because the Commonwealth did not prove that he was living a lavish lifestyle, lacked remorse or acted out of greed and avarice—is without merit. Appellant's Brief at 5. *See Devers*, *supra* (observing that the sentencing court is in the best position to determine, *inter alia*, the defendant's character, lack of remorse, defiance, indifference, and weigh those factors against mitigating evidence).

- 7 -

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/18