J-A13028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAMLIN A. REID | : | |
| | : | |
| Appellant | : | No. 1655 EDA 2018 |

Appeal from the Judgment of Sentence April 17, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002813-2016

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JULY 12, 2019**

Appellant Hamlin A. Reid appeals from the judgment of sentence imposed following his open guilty plea to incest.[1] Appellant contends that the trial court imposed an unreasonable sentence that fell outside of the sentencing guideline range. We affirm.

The relevant facts and procedural history of this appeal are as follows. Appellant engaged in sexual intercourse with his biological, adult daughter and fathered a child with her. On September 9, 2016, Appellant entered an open plea of guilty to one count of incest. At the conclusion of the hearing, the trial court accepted the plea, deferred sentencing, and ordered a pre-sentence investigation (PSI) report.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 4302(a).

The trial court conducted Appellant's sentencing hearing on April 17, 2018. At that time, Appellant's counsel noted, "[T]he delay in sentencing [was due to the fact] that the parties had tried to negotiate an outcome in this case related to [Appellant's] mental illness and were not able to come to any kind of an agreement . . . ." N.T. Sentencing, 4/17/18, at 5. At the conclusion of the hearing, the court sentenced Appellant to the statutory maximum term of five to ten years' incarceration.[2]

On April 26, 2018, Appellant timely filed a post-sentence motion. Appellant argued that the trial court should have imposed a lesser sentence because his history of mental illness amounted to a mitigating factor. Further, Appellant claimed that he could manage his mental illness with medication, thereby ensuring the protection of the public following his release from incarceration. The trial court denied Appellant's post-sentence motion on May 7, 2018.

Appellant timely filed a notice of appeal on May 30, 2018. Thereafter, Appellant submitted a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court issued a responsive opinion, concluding that it properly weighed all of the relevant criteria when fashioning Appellant's sentence.

---

[2] With a prior record score of zero and an offense gravity score of nine, the standard range of the sentencing guidelines called for a minimum sentence of twelve to twenty-four months' imprisonment, plus or minus twelve months for aggravating or mitigating factors. **See** N.T. Sentencing at 5.

Appellant now raises one question on appeal:

Was [Appellant's] statutory maximum sentence manifestly excessive when it was approximately five times the standard guidelines range, [Appellant] had zero criminal record, [Appellant] was suffering from a severe mental illness that prompted his criminal activity, there were other mitigating factors and no aggravating factors, and the [c]ourt failed to properly account for the sentencing factors set forth in 42 Pa.C.S. § 9721(b)?

Appellant's Brief at 2.

Appellant asserts that the trial court imposed an unreasonable sentence outside the guideline range. *Id.* at 12. Specifically, Appellant claims that the court treated his mental illness as an aggravating factor rather than a mitigating factor. *Id.* at 22. Appellant contends that mental illness is a mitigating factor, because it is "outside the control of the afflicted," and it can impair one's ability to appreciate the seriousness of his behavior. *Id.* at 25. Appellant insists that "[i]t was reversible error for the court to view [his] mental illness as an aggravating factor and [such] misapplication . . . requires resentencing." *Id.*

Additionally, Appellant argues that the trial court "never fully considered the guidelines and . . . never indicated its sentence was a guidelines departure." *Id.* at 19. Further, Appellant contends the trial court failed to consider relevant sentencing criteria, including "how treating [Appellant's] mental illness could mitigate any risk to the community," and his "zero criminal record." *Id.* at 25, 28. Appellant maintains the court ignored these factors, because it disagreed with the applicable guideline range and the grading of the offense. *Id.* at 27. Appellant concludes that the court abused

its discretion by imposing a manifestly excessive and unreasonable sentence. *Id.* at 12-13.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted). "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted).

Here, Appellant timely filed a notice of appeal, preserved his claim in a post-sentence motion, and included a concise statement of reasons relied upon for allowance of appeal in his brief. *See Corley*, 31 A.3d at 296. Additionally, the claim that the trial court imposed an unreasonable sentence that exceeded the standard guideline range presents a substantial question.[3]

---

[3] Appellant's post-sentence motion did not raise his specific argument that the trial court failed to indicate that the sentence was outside the guidelines. Therefore, the argument is waived. *See Malovich*, 903 A.2d at 1251.

*See Commonwealth v. Hess*, 745 A.2d 29, 30 n.3 (Pa. Super. 1999).

Therefore, we will review Appellant's claim.

In matters involving the discretionary aspects of sentencing, our well-settled standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

Section 9721 of the Sentencing Code states that in sentencing a defendant

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing . . . .

42 Pa.C.S. § 9721(b).

Section 9781(d) sets forth the factors considered by this Court in evaluating the reasonableness of a sentence outside the guidelines:

> **(d) Review of record.—**In reviewing the record the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.

- 5 -

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Where a pre-sentence investigation report exists, we shall "presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Walls*, 926 A.2d 957, 967 n.7 (Pa. 2007) (citation omitted). "Even if a sentencing court relies on a factor that should have not been considered, there is no abuse of discretion when the sentencing court has significant other support for its departure from the sentencing guidelines." *Commonwealth v. Sheller*, 961 A.2d 187, 192 (Pa. Super. 2008) (citations omitted).

Instantly, the trial court explained its sentencing decision as follows:

[P]rior to imposing sentence[, the trial] court had the benefit of [PSI] report. [The trial] court also balanced the protection of the public, the nature of the offense and [Appellant's] rehabilitative needs, all while cognizant of [Appellant's] mental health issues. It then placed the following reasons on the record in support of the penalty imposed:

THE COURT: This is one of the saddest cases I have ever heard. For whatever motivates you—and you say it is your belief in God, correct?

[Appellant]: (No Response.)

THE COURT: That is what motivated you to do this?

[Appellant]: I did exactly what Jesus wanted me to do, sir. Yes, sir.

THE COURT: Okay, just so I am correct. The damage here involving your daughter and your grandson and son, I guess—your son is just incomprehensible.

Actually, I was shocked to find the maximum you could be sentenced to is lower than I would have imagined if I was in the legislature. Incest is abominable to me and to this society.

And I have to balance your rehabilitative needs versus protection of society. I have considered your age, the information about yourself that you have given me, and the [PSI], and the fact—the circumstances of the offense that I am familiar with now and at the time when you pled guilty.

This was an open plea. There are no agreements between your counsel and the District Attorney. No deal.

And as you have stated today, you have refused the opportunity to allocute and the only thing that you have to say to me is that Jesus told you to do this. And he is your Lord.

And if he would ask you to do it again, you would do it again, correct?

[Appellant]: I do exactly what Jesus wants me to do, sir.

\*     \*     \*

THE COURT: We know what the standard range is and we know what the maximum is you could receive, which would be 10 years in jail.

\*     \*     \*

The facts as to your personal background and circumstances are not in dispute. And you have admitted to the offense.

And on Count 1, incest, after considering all of these factors, the [c]ourt feels there would be an undue risk that during a

period of probation or partial confinement you will commit another crime, that you are in need of correctional treatment that can be provided most effectively by your commitment to an institution. Any lesser sentence would depreciate the seriousness of your crime.

[The trial] court further noted that it found [Appellant] to be a danger to society who showed no remorse and a poor candidate for rehabilitation. As such, [the trial] court did not, as [Appellant] claims, base its sentence solely on his mental health issues, nor did it fail to articulate legally sufficient reasons for the sentence imposed. Rather, while [the] court did impose the statutory maximum term of incarceration, it did so only after weighing all of the above-discussed factors.

Trial Ct. Op., 10/23/18, at 4-7 (record citations omitted).

Significantly, the trial court had the PSI. Therefore, we can presume it was aware of the relevant sentencing factors. *See Walls*, 926 A.2d at 967 n.7. Further, the trial court placed its reasons for imposing the sentence on the record, and it emphasized concerns over the protection of the public, which includes the victim. Such concerns stemmed from Appellant's continued insistence that he would commit the same act if "Jesus wants me to." *See* N.T. Sentencing at 15. On this record, the trial court had adequate support for its decision to impose the instant sentence that exceeded the standard guideline range. *See Sheller*, 961 A.2d at 192.

Based on our review of the record, the trial court did not abuse its discretion in imposing the sentence of five to ten years' imprisonment. *See Raven*, 97 A.3d at 1253. Therefore, Appellant's claim is meritless.

Judgment of sentence affirmed.

- 8 -

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/12/19