J-S11045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN HENRY JONES | : | |
| | : | |
| Appellant | : | No. 634 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 25, 2021
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000601-2021

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED JULY 27, 2023**

Appellant, John Henry Jones, appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following his open guilty plea to possession of child pornography.[1] We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On September 9, 2020, officers with the Allentown Police Department received a CyberTip Report from the National Center for Missing and Exploited Children that a Discord user with the profile name "HappyGoLucky#7504" uploaded images and videos containing child pornography using the platform. Officers investigated the tip and linked the username to an RCN IP address assigned to Appellant.
>
> Officers obtained a search warrant and executed the warrant at Appellant's home located at 847 Constitution Drive, Allentown, Lehigh County, Pennsylvania on

---

[1] 18 Pa.C.S.A. § 6312(d).

September 23, 2020. Appellant denied using Discord, but admitted there was child pornography on a computer in his bedroom. Officers seized several external hard drives attached via USB to the back of Appellant's computer. Forensic investigators accessed the hard drives using passwords written down on a piece of paper which had been confiscated from Appellant's bedroom and found various images and videos depicting child pornography. Additionally, the investigators located a Word document which was entitled "vetting and introduction" and detailed "a three-step process to admitting you to our chat rooms." The instructions explained that a person needed to introduce him or herself, provide an image depicting child pornography, and compliance with the chat room's rules of safety and behavior.

Officers also located a document entitled "Technical Data" explaining how to hide on the internet, Darknet, Clearnet, etc. and cautioning against the use of Bitcoin for child pornography purchases due to its capacity to be traced. In sum, officers located over 400,000 images of child pornography and over 200,000 images of child erotica on the hard drive. Another external hard drive contained over 40,000 videos and images, and a third contained over 14,000.

During the preparation of the presentence investigation [("PSI")] report, Appellant admitted he was an administrator to a chat room where child pornography was shared and admitted creating the above-referenced documents.

*    *    *

Appellant was arraigned on April 28, 2021 and charged with one count of possession of child pornography, 18 Pa.C.S.A. § 6312(d), graded as a felony of the second degree, and one count of dissemination of photos or films of child sex acts, [18 Pa.C.S.A.] § 6312(c), also graded as a felony of the second degree. On July 19, 2021, Appellant entered a guilty plea in the form of an open plea to one count of possession of child pornography. A PSI was ordered, and Appellant appeared before the [court] on October 25, 2021 for sentencing. The court imposed a sentence of not less

than two (2) nor more than ten (10) years in a state correctional institution.[2]   Appellant filed a motion to reconsider and modify sentence on November 3, 2021.  That motion was denied on February 8, 2022.

On March 3, 2022, Appellant filed a notice of appeal.  The court entered an order on July 6, 2022 directing Appellant to file a [Pa.R.A.P. 1925(b)] concise statement of matters complained of on appeal.  Appellant filed that statement on July 21, 2022.

(Trial Court Opinion, filed 8/5/22, at 1-3) (internal footnote and some capitalization omitted).

Appellant now raises the following issue for our review:

Is the sentencing of an eighty-one (81) year old individual in poor health to a maximum sentence of ten (10) years for one count of possession of child pornography on a computer manifestly excessive as such sentence, in essence, amounts to a life sentence?

(Appellant's Brief at 7).

On appeal, Appellant emphasizes that he was eighty-one (81) years of age at the time of sentencing.  Appellant also asserts that he suffers from various maladies, "including the need for a full time 24 hours/7 days a week heart monitor with defibrillator as well as diabetes and kidney disease." (*Id.* at 14).  Considering his life expectancy, Appellant maintains that the court's

---

[2] With an offense gravity score of eight (8) and a prior record score of three (3), the standard range of the Sentencing Guidelines provided for a minimum sentence of eighteen (18) to twenty-four (24) months.  (*See* N.T. Sentencing Hearing, 10/25/21, at 4).  Additionally, the statutory maximum sentence for possession of child pornography, graded as a second-degree felony, was ten (10) years.  *See* 18 Pa.C.S.A. § 1103(2).

imposition of a ten (10) year maximum is effectively a sentence of life imprisonment. Appellant contends that the court did not provide sufficient reasons to justify the maximum sentence imposed. Moreover, Appellant insists that his maximum sentence is a product of partiality and prejudice because the court knew "it was very unlikely that [Appellant] would live that long." (*Id.* at 16). Appellant concludes that the court imposed a manifestly excessive and unreasonable maximum sentence, which this Court must vacate. As presented, Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Coulverson*, 34 A.3d 135 (Pa.Super. 2011) (explaining claim that court imposed excessive sentence by deviating from sentencing norms constituted challenge to discretionary aspects of sentencing).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

- 4 -

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting ***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa.Super. 2005)).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." ***Phillips, supra*** at 112 (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*), *appeal denied*, 633 Pa. 774, 126 A.3d 1282 (2015) (quoting ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa.Super. 2011)). An appellant

raises a substantial question where he claims the court failed to offer specific reasons that comport with statutory considerations for extending a standard-range sentence to the statutory maximum. **See Coulverson, supra** at 143.

Instantly, Appellant timely filed his notice of appeal, he preserved his issue in his post-sentence motion, and his brief included a Rule 2119(f) statement. Further, Appellant's claim raises a substantial question as to the appropriateness of the sentence imposed by asserting that the court did not provide an adequate justification for imposing a statutory maximum sentence. **See id.** Accordingly, we proceed to address the merits of Appellant's issue.

This Court reviews discretionary sentencing challenges based on the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

**Commonwealth v. McNabb**, 819 A.2d 54, 55 (Pa.Super. 2003) (quoting **Commonwealth v. Hess**, 745 A.2d 29, 30-31 (Pa.Super. 2000)).

"[A] court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S. Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his

potential for rehabilitation." *Id.*

> A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question[.] [W]hen a trial court imposes a sentence that is within the statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment.

*Commonwealth v. Conklin*, 275 A.3d 1087, 1098 (Pa.Super. 2022) (internal citations and quotation marks omitted).

Instantly, the court provided the following statement of reasons to support the sentence imposed:

> As I stated before, the record should reflect that I have reviewed the extensive presentence memo submitted by [defense counsel] with the written letter from [Appellant's] daughter as well as the three reports from [Appellant's mental healthcare provider]. The presentence investigation report had various attachments as well, which were reviewed by the court.
>
> [Appellant], I'm always a little struck by the fact that defendants apologize to the court. There's no need to apologize to me. This is what I signed up for in a way, I guess. So these are the kind of things that judges have to address. And I appreciate and respect the comments made by your daughter in her letter and your son in his testimony today. I think it's very important you have that support network available to you.
>
> And my comments that I'm next about to offer are not meant to distress your children. So I'm going to give them the opportunity to leave the room if they want so they don't hear about the depiction of the pornographic images which

were in possession of [Appellant[3]].

\*　　\*　　\*

And this was all after [Appellant's] federal conviction for when he was found to possess 20,000 images of child pornography after initially releasing 300 visual depictions. He was enrolled in sex offender treatment at Forensic Treatment Services. After 6 to 9 months, he was unsuccessfully discharged after they discovered he was viewing adult pornography. On page seven of the PSI, it does reflect that [Appellant] was sexually assaulted as a four-year-old, with that perpetrator never being prosecuted.

He admitted to being aroused by children since he was a kid, adding that they have beautiful faces, good personalities. He was attracted to both male and female pre and early pubescent children. And last sentence on page seven, "I got stuck into it by accident, it's alluring, it's not really that bad of a problem."

So while I understand the Sexual Offender's Assessment Board has determined that he is not to be classified as a sexually violent predator, [Appellant], quite frankly, if individuals like yourself and others did not view these images, there would not be the motivation by those who compile and then distribute these images subjecting children to sexual assaults and victimization, even though you never may come in personal contact with them.

I will give you credit for your frankness with the prosecuting officers in releasing the information and for entering a plea and perhaps sparing a jury the details of this. However, I do not feel it's appropriate to place you on house arrest.

\*　　\*　　\*

You're going to state prison for two to ten years. I kept the

---

[3] At this point, the court described the specific pornographic images recovered from Appellant's electronic devices. (*See* N.T. Sentencing Hearing at 23-24). Due to the graphic nature of these images, we decline to include the descriptions.

sentence at the top of the standard range in light of your admission to this offense, your voluntary participation to release the images involved to the prosecutors and in light of your age and health conditions. Certainly, an aggravated sentence would have been warranted, but because of the factors I just announced this is a standard range sentence.

(N.T. Sentencing Hearing at 22-25, 28) (some capitalization omitted).

In its Rule 1925(a) opinion, the court reiterated the factors that it weighed when crafting Appellant's sentence:

The [c]ourt considered the PSI and sentencing memorandum submitted by defense counsel. Appellant had an extensive collection of child pornography on his computer. As the administrator of a Discord server or chat room, he also played a role in the further dissemination of these images. By the same token, he cooperated with the police officers, admitted his offense, and is of advanced age and has health conditions. The sentence imposed balanced all of these factors and was appropriate under these circumstances.

(Trial Court Opinion at 6-7).

Here, the court properly weighed the relevant factors, including Appellant's age and health, in fashioning the sentence. *See Griffin, supra*. We emphasize that a court need not undertake a lengthy discourse to support the sentence imposed, and we cannot fault the justifications provided here. *See Conklin, supra*. Further, the presence of a PSI report allows us to presume that the court considered mitigating factors, and the court's discretion while using a PSI report should not be disturbed. *See Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI report, law presumes court was aware of

relevant information regarding defendant's character and weighed those considerations along with mitigating factors).  Under these circumstances, we see no abuse of discretion.  **See McNabb, supra**.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/27/2023*