J-A19045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATALIE M. SHAFFER | : | |
| | : | |
| Appellant | : | No. 1388 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 8, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000393-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATALIE M. SHAFFER | : | |
| | : | |
| Appellant | : | No. 1710 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 8, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000392-2021

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED: NOVEMBER 1, 2024**

Appellant, Natalie M. Shaffer, appeals from the judgment of sentence entered by the Court of Common Pleas of Luzerne County after she pleaded guilty to one count each of endangering the welfare of children and aggravated assault for causing her 6-year-old son to suffer severe malnourishment and

_____

[*] Former Justice specially assigned to the Superior Court.

subjecting him to deplorable living conditions. Herein, Appellant contends the trial court abused its discretion when it sentenced Appellant to the upper limit of the guidelines' standard range without considering mitigating circumstances. After careful consideration, we affirm.

The trial court aptly provides the facts and procedural history pertinent to the present appeal:

Natalie Shaffer ["Appellant"] and [M.L.] are the natural parents of a minor child, Z.L. On January 3, 2020, police were dispatched to Greater Nanticoke Area Elementary Center in response to a report that Z.L., a six (6) year-old student, was severely malnourished. Z.L., who had not been to school for some time prior to that day, weighed only twenty (20) pounds. He was transported to Geisinger Medical Center where he remained for over one month.

The Appellant was notified of the investigation into her son's condition and she and her paramour, Zachary Vincent, went to the school to meet investigators. It was determined that they were responsible for caring for Z.L. who was, until that point, in their custody. The natural father of Z.L., who cooperated with the investigation, had only limited visitation with his son in the months preceding the school's discovery of his malnourished condition. It was further discovered that Z.L. did have medical issues since birth but that the Appellant failed to take Z.L. to fifty (50) appointments with GI specialists. An additional fifty-two (52) similar appointments were cancelled. During the same time, Z.L. lost a significant amount of weight and became severely malnourished. The police interviewed a witness who told them that the Appellant would refuse to feed Z.L.[, that Z.L.] would constantly ask for food, saying "eat eat" but that Appellant would refuse to provide him with food. The witness reported that the Appellant made comments about being sick of taking care of Z.L.[fn1]

---

Fn1 The Appellant and her counsel stipulated to these facts as they were set forth in the Affidavits of probable cause. (N.T. 2/10/2023 pg. 5).

On February 2, 2021, criminal complaints were filed, and arrest warrants issued, for the Appellant and Zachary Vincent. The criminal complaint filed against the Appellant charged her with two counts of aggravated assault, 18 Pa.C.S. § 2702(a)(9), 18 Pa.C.S. § 2702(a)(8), endangering the welfare of a child, 18 Pa. § 4304(a)(1), and recklessly endangering another person, 18 Pa.C.S. § 2705.

On February 3, 2021, Luzerne County Detectives went to 155 Pine View Estates, Rice Township, Luzerne County, the residence of the Appellant, intending to execute the warrant for her arrest. The Appellant answered the door at that location and was taken into custody. The Detectives also encountered four (4) of the Appellant's children, ages 8, 7, 5, and 3 who were present inside the home.

The interior of the residence, a one-story ranch style home, was found in deplorable condition. The residence was filled with broken furniture, soiled clothing, and bedding. It was kept in a manner unfit for human habitation. Officers observed spoiled food, dog feces, and garbage throughout the residence. Exposed wiring and tools presented additional danger to the children inside. The police also arrested [] Zachary Vincent[, who] is the natural father of two of the children who were present at the residence.

Criminal informations docketed to CP-40-CR-00392-2021 and CP-40-CR-00393-2021 were filed against the Appellant on June 7, 2021, and June 8, 2021, respectively. On February 10, 2023, the Appellant appeared before the trial court with counsel offering to enter guilty pleas in both cases. In the case docketed to 392 of 2021, she [pleaded] guilty to count one, endangering the welfare of a child.[fn2] After the conduct of a hearing which included a colloquy of the Appellant, [the trial court] accepted her guilty pleas making a finding that her pleas were knowingly, intelligently, and voluntarily tendered. We ordered a pre-sentence investigation (PSI) and scheduled a sentencing hearing.

Fn2 For the case docketed to 393 of 2022, [Appellant] pleaded guilty to Aggravated Assault.

- 3 -

On August 8, 2023, the Appellant appeared before the trial court for sentencing. [The trial court] reviewed the PSI, the submissions of the parties, the arguments of counsel and allocution of the Appellant prior to imposing sentence. [The trial court] thereafter sentenced her within the standard range of the sentencing guidelines.

For her conviction for endangering the welfare of children, [the trial court] sentenced her to a term of incarceration of not less than six (6) months nor more than twenty-four (24) months. (N.T. 8/8/2023 pgs. 8-10). This sentence was Ordered to be served consecutively to her sentence for her aggravated assault conviction docketed to 393 of 2021.

The Appellant filed a motion for modification of her sentence docketed to 393 of 2021[fn2] which [the trial court] denied by Order dated September 29, 2023. On October 4, 2023, she filed a counseled and timely notice of appeal to only one case docketed to 393 of 2021. [The trial court] filed [its] Opinion pursuant to Pa.R.A.P. 1925 on December 4, 2023, for that docket.

---

Fn3 A second post-sentence motion was contemporaneously filed and docketed to 392 of 2021. This post-sentence motion was not served on the [trial court.] As soon as this was brought to [the trial court's] attention, [it] reviewed the post-sentence motion and entered an Order denying it dated December 1, 2023.

---

A review of the docket entries brought to the [trial court's] attention a post-sentence motion docketed to 392 of 2021, which was e-filed but not served on the [trial] court. [The trial court] reviewed the filing and, by Order dated December 1, 2023, denied the post-sentence motions in their entirety. On December 11, 2023, Appellant filed a timely Notice of Appeal. [The trial court] directed her counsel[fn4] to file a concise statement pursuant to Pa.R.A.P. 1925(b).

---

> Fn4    Plea counsel moved for leave to withdraw as counsel so that specialized appellate counsel could be appointed.  [The trial court] granted counsel's motion and appointed Attorney Kelly who is counsel of record for the Appellant for the case docketed to 393 of 2021.
>
> Fn5    Counsel raised these same issues for the case docketed at 392 of 2021 and [the trial court relies] on the same analysis from [its] Opinion dated December 4, 2023.

Trial Court Opinion, 2/20/24, at 1-5.

The Brief for Appellant raises the following question for this Court's consideration:

> Whether the trial court abused its discretion or committed an error of law in sentencing the Appellant at the high end of the standard range of the sentencing guidelines without considering the mitigating circumstances.

Brief of Appellant, at 1.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right[,]" ***Commonwealth v. Perzel***, 291 A.3d 38, 46 (Pa. Super. 2023), *appeal denied*, ___ Pa. ___, 301 A.3d 426 (2023), as they are considered a petition for permission to appeal. ***Commonwealth v. Williams***, 562 A.2d 1385, 1386-7 (Pa. Super. 1989) (*en banc*).  Therefore, prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial

- 5 -

question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Our review of the record shows Appellant has satisfied the first three parts of the four-part test. With respect to whether she presents a substantial question, we observe that in positing that the trial court sentenced Appellant at the "high end" of the standard range without considering mitigating factors, Appellant's Rule 2119(f) statement presents an excessiveness claim. "[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), appeal denied, 629 Pa. 636, 105 A.3d 736 (2014). *See also Commonwealth v. Trimble*, 615 A.2d 48 (Pa. Super. 1992) (holding defendant's claim that court failed to consider factors set forth under Section 9721(b) and focused solely on seriousness of defendant's offense raised substantial question).

> This Court reviews discretionary sentencing challenges based on the following standard:
>
> > Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

*Commonwealth v. McNabb*, 819 A.2d 54, 55 (Pa. Super. 2003) (quoting *Commonwealth v. Hess*, 745 A.2d 29, 30-31 (Pa. Super. 2000)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, "a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S. Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*.

> ...Where the sentencing court had the benefit of a [PSI report], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa. Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Cruz-Centeno*, [668 A.2d 536 (Pa. Super. 1995)], *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010).

*Commonwealth v. Green*, No. 3121 EDA 2023, 2024 WL 4511867, at *3–4

(non-precedential decision) (Pa. Super. filed Oct. 17, 2024).[1]

The notes of testimony from Appellant's August 8, 2023, sentencing hearing confirm that the trial court noted for the record that it received both a PSI report and a mitigation report and reviewed them prior to the hearing. N.T., 8/8/23, at 2. After receiving counsels' respective summations of the record and corresponding arguments, the trial court observed:

> **Trial Court:** The Court, having reviewed everything presented before it, the pre-sentence report, the mitigation report submitted on behalf of the defendant, the medical records and the photographs – which are admitted here, everything that has been presented here today.
>
> Obviously, I do note and will note that the defendant has accepted responsibility by her pleading guilty in this matter. She is somewhat young of age with little to no criminal history. While she did suffer from issues with her upbringing and other matters that were offered in mitigation, I believe that is outweighed by the very serious damages that were done to this – to these young children.

N.T. at 8.

Thus informed by not only the PSI and mitigation reports but also defense counsel's and the Commonwealth's arguments,[2] *see* N.T. at 2-8, and

---

[1] Pursuant to Pennsylvania Rule of Appellate Procedure 126, unpublished, nonprecedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b).

[2] Among the statements made by defense counsel at the sentencing hearing was that the trial court "was well aware of" the PSI and mitigation reports' description of Appellant's mental health history and the environment in which she was raised. N.T. at 4.

Appellant's statement at the hearing, the trial court is presumed to have been fully aware of Appellant's pertinent mitigating circumstances and to have considered them in fashioning her guideline range sentence. ***See Moury***, ***supra***. Accordingly, we find no merit to Appellant's challenge to the discretionary aspects of her sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/01/2024