J-S41019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCOS CAMACHO | : | |
| | : | |
| Appellant | : | No. 412 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 26, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004959-2019

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.: **FILED DECEMBER 3, 2024**

Appellant, Marcos Camacho, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for two counts each of rape, robbery, indecent assault, and one each of count of sexual assault, theft, unlawful restraint, possessing instruments of crime, simple assault, and false imprisonment.[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On September 16, 2011, [Victim], who at that time was addicted to drugs and working as a prostitute, was walking down the street when she was approached by [Appellant]. She got into his pickup truck, and he drove a few blocks and parked on the 2500 block of Webb Street in Philadelphia.

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(2), 3701(a)(1)(ii), 3126(a)(1), 3124.1, 3921(a), 2902(a)(1), 907, 2701, and 2903, respectively.

The two discussed the price she would charge, which he initially paid her. After placing a condom on [Appellant] and performing oral intercourse, [Appellant's] demeanor suddenly changed, frightening her. [Appellant] pulled out a knife and told her to get on her back. He held [Victim] down by her wrists, pried her legs open and raped her. He took her purse containing her money, including the payment they had negotiated before he suddenly became violent, repeatedly refusing to give it back to her and then he drove off. [Victim] had seen [Appellant] throw a condom out of the truck window before he drove off, leaving her there.

[Victim] approached the police who were parked a short distance away at the Wawa parking lot at 2500 Aramingo Avenue and told them she had just been raped, and that [Appellant] threw a condom out of the window of the vehicle. The police taped off the area and did recover a used condom located on the sidewalk of 2500 North Webb Street and submitted it to the DNA lab.

On May 21, 2018, the DNA database found a match to [Appellant], which was previously linked to another victim's sexual assault kit, and this case was assigned to Detective Thomas Price, who then tracked down [Victim], who identified [Appellant via a photo array]. Detective Price arrested [Appellant], and a search warrant of [Appellant's] residence was executed, where three knives were recovered.

Three other rape or attempted rape victims of [Appellant] testified as to their experiences, which bear remarkable similarities to [Appellant's] attack of [Victim]. All their cases against [Appellant] have already been tried, and he has been found guilty in each of those cases.

(Trial Court Opinion, filed 3/14/24, at 1-4) (internal citations omitted).

Following a bench trial, the court convicted Appellant of the above-mentioned offenses on January 29, 2020. On February 26, 2020, the court sentenced Appellant to an aggregate term of 31 to 70 years' incarceration.

On June 1, 2021, Appellant *pro se* filed an untimely notice of appeal,

which this Court quashed as untimely. Following a successful PCRA petition, the court reinstated Appellant's post-sentence and appellate rights *nunc pro tunc*. On December 11, 2023, Appellant filed a timely post-sentence motion *nunc pro tunc*, which the court denied on January 25, 2024. On January 29, 2024, Appellant timely filed a *nunc pro tunc* notice of appeal. On January 30, 2024, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant complied on February 23, 2024.[2]

Appellant raises three issues for our review:

> I. WHETHER THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.
>
> II. WHETHER APPELLANT'S SENTENCE WAS UNDULY HARSH AND EXCESSIVE.
>
> III. WHETHER THE COURT ERRED IN GRANTING THE COMMONWEALTH'S MOTION TO INTRODUCE PRIOR BAD ACTS FROM PREVIOUS ALLEGATIONS AS THE PREJUDICIAL VALUE OUTWEIGHED THE PROBATIVE VALUE.

(Appellant's Brief at 7).

In Appellant's first issue, he argues that the verdict was against the weight of the evidence because the court relied upon the testimony of an unreliable complainant and because the prosecution had "coached" the victims from the other cases to withhold evidence that they had known each other.

---

[2] The trial court's order stated that Appellant had "thirty days after the date of this order" to file his Rule 1925(b) statement. (**See** Order, 1/30/24); Pa.R.A.P. 1925(b)(2)(i) (noting that judge shall allow appellant at least 21 days from date of order's entry on docket for filing and service of statement).

Appellant further complains that Victim's testimony was inconsistent throughout trial, particularly about the knife and where on her body it was placed; whether Appellant forced her legs open and forced himself upon her; and whether Victim fought him. Appellant suggests that Victim and the victims from the other cases knew each other, despite the fact that the Commonwealth argued that the victims from the other cases were "random." These alleged inconsistencies, coupled with what Appellant terms "the lack of physical evidence that any crime occurred," calls into doubt the verdict in this case. Appellant concludes the verdict was against the weight of the evidence, and this Court must grant relief. We disagree.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interests of justice.

*Commonwealth v. Dewald*, 317 A.3d 1020, 1037 (Pa.Super. 2024) (citation omitted). Further, "[w]e are precluded from reweighing the evidence and substituting our judgment for that of the factfinder." *Interest of D.J.K.*, 303

A.3d 499, 507 (Pa.Super. 2023) (citation omitted). Any minor discrepancies in the evidence or testimony are for the factfinder to evaluate. **See Commonwealth v. Charlton**, 902 A.2d 554, 561 (Pa.Super. 2006) (stating: "The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses").

Instantly, the trial court addressed Appellant's claim as follows:

> Clearly, when presented with all of the evidence at trial, this court found [Appellant] guilty of [the above-mentioned crimes] and believes that the verdict is plainly supported by the weight of the evidence. The verdict was not so contrary to the evidence as to shock one's sense of justice, nor was it so tenuous, vague, and uncertain that it shocks the conscience of the court. To the contrary, the evidence in this case was compelling and substantial, and strongly supported the verdict.

(Trial Court Opinion at 7).

We see no reason to disturb the court's decision. Here, the trial court credited Victim's testimony that Appellant vaginally raped her in the passenger seat of his car while threatening her with a knife,[3] as was its purview. (**See** N.T. Trial, 1/28/20, at 7-10, 15-17, 23). The court was free to resolve any minor inconsistencies in Victim's testimony in favor of the Commonwealth. **See Charlton, supra**. The DNA evidence corroborated Victim's testimony,

_____

[3] Victim testified that she was not sure whether the blade touched her face or not, but that "I wouldn't be surprised if it touched my face…that part is fuzzy to me because I was so scared at that point of the knife." (**See** N.T. Trial, 1/28/20, at 39). When questioned, Victim agreed that the knife was "more or less" about an inch from her face. (**See id.**).

which linked both Victim and Appellant to the discarded condom recovered by police. The DNA evidence also linked Appellant to three other victims, who each testified that Appellant had raped or attempted to rape them in the passenger seat of his car while brandishing a knife. (N.T. Trial, 1/28/20, at 64-70; N.T. Trial, 1/29/20, at 6-13, 20-28).

Further, nothing in the record supports Appellant's allegation that the Commonwealth coached the victims from the other cases. Rather, the Commonwealth presented evidence to support its theory of the case that Appellant had developed a common scheme to rape sex workers in the Kensington neighborhood of Philadelphia. On this record, Appellant's first issue does not merit relief. **See Dewald, supra**.

In his second issue, Appellant argues that his sentence is harsh and unreasonable where the sentencing court did not properly consider his prior record score of zero[4] or the fact that, upon release, he will be deported to Mexico. Appellant contends that the court should have imposed his sentences concurrently instead of consecutively. Appellant concludes that the court

---

[4] Notwithstanding Appellant's other offenses, the parties agreed that Appellant's prior record score was "technically" zero because Appellant's convictions in the other cases post-dated the crimes in this case, which took place in 2011. (**See** N.T. Sentencing, 2/26/20, at 3). **See also Commonwealth v. Cook**, 941 A.2d 7, 12 (Pa.Super. 2007) (stating: "A prior conviction means 'previously convicted' as defined in 42 Pa.C.S. § 2154(a)(2)[.] In order for an offense to be considered in the Prior Record Score, both the commission of and conviction for the previous offense must occur before the commission of the current offense").

abused its sentencing discretion and that this Court should vacate the judgment of sentence. We disagree.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Perzel*, 291 A.3d 38, 46 (Pa.Super. 2023), *appeal denied*, ___ Pa. ___, 301 A.3d 426 (2023). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v.*

***Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (quoting ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa.Super. 2011)).

Bald claims of excessiveness based upon the imposition of consecutive sentences do not raise substantial questions for our review. ***Caldwell, supra*** at 769. Rather, the decision to impose consecutive rather than concurrent sentences lies within the sound discretion of the trial court, and does not raise a substantial question unless the sentence is so "manifestly excessive in extreme circumstances that it may create a substantial question." ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa.Super. 2014), *appeal denied*, 632 Pa. 671, 117 A.3d 297 (2015) (citation omitted). In such cases, we have focused on "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." ***See id.*** at 133-34.

On the other hand, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014), *appeal denied*, 629 Pa. 636, 105 A.3d 736 (2014). *See also Commonwealth v. Trimble*, 615 A.2d 48 (Pa.Super. 1992) (holding defendant's claim that court failed to consider factors set forth under Section 9721(b) and focused solely on seriousness of defendant's offense raised substantial question). Therefore, to the extent that Appellant claims his sentence is excessive, in conjunction with his assertion that the court failed to properly consider his prior record of zero, he has arguably raised a substantial question for our review. *See Raven, supra*.

This Court reviews discretionary sentencing challenges based on the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

*Commonwealth v. McNabb*, 819 A.2d 54, 55 (Pa.Super. 2003) (quoting *Commonwealth v. Hess*, 745 A.2d 29, 30-31 (Pa.Super. 2000)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the

impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, "a court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S. Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Id.**

Instantly, the trial court explained:

> At the time [Appellant] had a prior record score of zero. Rape has an offense gravity score of twelve, and the guidelines with a deadly weapon enhancement was sixty-six to eighty-four months, plus or minus twelve months. This court considered four subsequent rapes/attempted rapes to be aggravated enhancements and sentenced Appellant to eight to twenty years' incarceration for each rape, a sentence within the aggravated range of the sentencing guidelines. Robbery has an offense gravity score of ten with a guideline range of forty to fifty-four months plus or minus twelve. [Appellant] received five to ten years' incarceration, again within the aggravated guideline range. Unlawful restraint got [Appellant] two and one-half to five years in prison as did possessing the instrument of a crime. No further penalty was assessed for theft, indecent assault, simple assault, or false imprisonment. All the sentences were consecutive to each other as well as to any other sentence [Appellant] was serving.
>
> * * *
>
> [Appellant's] claim that this is an excessive sentence is further belied by the horrific facts of this case as well as his subsequent multiple convictions for rape. This was a brutal, cold, callous, merciless, and senseless abduction and rape of a woman off the street, and the fifth time he has done

> this. The terror and horror inflicted on the victims by this [Appellant] cannot be understated.
>
> The court reviewed all the material submitted, considered all the testimony and arguments of counsel and imposed a sentence. The undersigned considered [Appellant's] mental health and rehabilitative needs as well as his history, the need for the protection of the public and the gravity of the offense.

(Trial Court Opinion at 8-9). The record supports the trial court's conclusions. Further, the court considered all information it had before it, as Appellant waived preparation of a pre-sentence investigation report. Appellant also chose not to allocute at sentencing.

Thus, the record demonstrates that the court considered Appellant's "technical" prior record score of zero, but also recognized that after the current crimes occurred, Appellant had raped or attempted to rape other victims in the same manner he had done so in this case. The violent nature and repetition of Appellant's crimes rendered the consecutive sentences appropriate and necessary for the protection of the public. *See Zirkle, supra*. On this record, we see no reason to disrupt the court's sentencing discretion. *See McNabb, supra*.

In his final issue, Appellant argues that the trial court erred in granting the Commonwealth's motion to admit other crimes into evidence: namely, the testimony of the other victims. Appellant complains that the prejudicial nature of this evidence outweighed its probative value. Appellant concludes he is entitled to relief on these grounds. We disagree.

Initially, we observe that the trial court concluded that Appellant waived

this claim of error, stating:

> On November 14, 2019, the prosecution filed a notice of its intent to introduce other bad acts pursuant to [Pa.R.Crim.P.] 404(6). The matter at that time was scheduled in front of a different court, who scheduled a hearing for December [18, 2019]. The dockets reveal that on that day, "Defense attorney concedes 404B motion." Having conceded the motion, the issue has been waived.

(Trial Court Opinion at 12).

The record confirms the court's statement that on December 18, 2019, defense counsel conceded the Commonwealth's motion. Appellant lodged no objection to testimony from the other victims at trial and he did not raise this claim of error in his post-sentence motion. Instead, Appellant presents this issue for the first time in his Rule 1925(b) statement. Consequently, this issue is waived.[5] **See** Pa.R.A.P. 302(a) (stating issues that are not preserved before trial court are waived if raised for first time on appeal). **See also Commonwealth v. Williams**, 900 A.2d 906, 909 (Pa.Super. 2006), *appeal denied*, 591 Pa. 673, 916 A.2d 1102 (2007) (stating: "including an issue in a [c]oncise [s]tatement does not revive issues that were waived in earlier proceedings"). Accordingly, we affirm.

Judgment of sentence affirmed.

_____

[5] Moreover, we agree with the trial court's rationale that this issue would fail on the merits even if properly preserved. (**See** Trial Court Opinion at 12-15).

- 12 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/3/2024