J-S21025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NAJE WILLS | : | |
| | : | |
| Appellant | : | No. 2239 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002541-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NAJE WILLS | : | |
| | : | |
| Appellant | : | No. 2240 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003773-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NAJE WILLS | : | |
| | : | |
| Appellant | : | No. 2241 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003774-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

```
                                          :
            v.                            :
                                          :
                                          :
                                          :
NAJE WILLS                                :
                                          :
            Appellant                     :     No. 2242 EDA 2024
```

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003775-2021

```
COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
                                 :
            v.                   :
                                 :
                                 :
                                 :
NAJE WILLS                       :
                                 :
            Appellant            :     No. 2243 EDA 2024
```

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003776-2021

```
COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
                                 :
            v.                   :
                                 :
                                 :
                                 :
NAJE WILLS                       :
                                 :
            Appellant            :     No. 2244 EDA 2024
```

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003779-2021

```
COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
                                 :
            v.                   :
                                 :
                                 :
```

NAJE WILLS                              :
                                        :
            Appellant                   :    No. 2245 EDA 2024

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003780-2021

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
                                :
NAJE WILLS                      :
                                :
            Appellant           :    No. 2246 EDA 2024

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003782-2021

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
                                :
NAJE WILLS                      :
                                :
            Appellant           :    No. 2247 EDA 2024

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003783-2021

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
                                :
NAJE WILLS                      :
                                :
            Appellant           :    No. 2248 EDA 2024

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003786-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NAJE WILLS | : | |
| | : | |
| Appellant | : | No. 2249 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003788-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NAJE WILLS | : | |
| | : | |
| Appellant | : | No. 2250 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003790-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NAJE WILLS | : | |
| | : | |
| Appellant | : | No. 2251 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 22, 2024

In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003792-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NAJE WILLS | : | |
| | : | |
| Appellant | : | No. 2252 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003794-2021

BEFORE:  KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                              **FILED JULY 21, 2025**

Appellant, Naje Wills, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open guilty pleas, at multiple dockets, to multiple counts of robbery, criminal conspiracy to commit robbery, persons not to possess firearms, firearms not to be carried without a license, burglary, and possession with intent to deliver a controlled substance ("PWID").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Between November 20, 2020 and December 10, 2020, Appellant and his co-defendant committed 11 gunpoint robberies in Philadelphia.  On October 26,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701, 903, 6105, 6106, 3502, and 35 P.S. § 780-113(a)(30), respectively.

- 5 -

2023, Appellant entered open guilty pleas across multiple dockets to the above-mentioned offenses. On March 22, 2024, the trial court sentenced Appellant to an aggregate term of 10½ to 27 years' incarceration. This aggregate sentence included 14 consecutive sentences. That same day, the court granted plea counsel's request to withdraw and appointed appellate counsel.

On March 25, 2024, Appellant timely filed post-sentence motions, challenging the discretionary aspects of his sentence. Specifically, Appellant challenged the excessiveness of the consecutive sentences, and he requested the opportunity to supplement his post-sentence motion upon receipt of the notes of testimony from his plea hearing. Appellant subsequently filed a supplemental post-sentence motion, again challenging the discretionary aspects of his sentence and contending that the court had imposed an unreasonable aggregate sentence and failed to consider certain mitigating factors. On August 15, 2024, the court denied the motions by operation of law.[2]

_____

[2] We note that the court denied Appellant's post-sentence motions by operation of law beyond the requisite timeframe. *See* Pa.R.Crim.P. 720(B)(3)(a) (stating that in absence of court's grant of extension for decision on motion, "the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion"). Nevertheless, this Court has previously held that a breakdown occurs when the clerk of courts fails to enter an order deeming a post-sentence motion denied by operation of law and notifying the defendant of same. *See* ***Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa.Super. 2003). Further, when the trial court denies a post-sentence motion after the 120-day period
*(Footnote Continued Next Page)*

On August 24, 2024, Appellant timely filed notices of appeal at each underlying docket. On September 6, 2024, the court ordered Appellant to file Pa.R.A.P. 1925(b) statements of errors complained of on appeal. On September 13, 2024, Appellant timely complied. On September 30, 2024, this Court granted Appellant's motion to consolidate his appeals.

On appeal, Appellant raises the following issue for our review:

> Was the consecutive nature of the sentence excessive, more than necessary to protect the public, vindicate the victims, and rehabilitate the appellant who has a nonviolent record, expressed great remorse, accepted responsibility by pleading guilty and enjoys community support. Did the consecutive nature of the sentence coupled by [A]ppellant's need for drug and mental health treatment, his great remorse and acceptance of responsibility, make the aggregate sentence an abuse of discretion?

(Appellant's Brief at 4).

In his sole issue on appeal, Appellant argues that imposition of 14 consecutive sentences was excessive and beyond that which was necessary to protect the public. Appellant asserts that the court also failed to consider mitigating factors such as Appellant's non-violent record, expression of remorse, acceptance of responsibility by pleading guilty, his community support, and need for drug and mental health treatment. Appellant concludes

_____

and the appellant subsequently files an appeal within 30 days of the date of that order, this Court has deemed the appeal timely filed. *See Perry, supra*. *See also Commonwealth v. Braykovich*, 664 A.2d 133 (Pa.Super. 1995) (holding appellant's notice of appeal, filed within 30 days of belated order denying post-sentence motions, timely filed).

that the court erred in denying his post-sentence motions and requests that this Court vacate and remand for re-sentencing. We disagree.

As presented, Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13.

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this

- 9 -

Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Austin, supra* at 808 (internal citations and quotation marks omitted). Nevertheless, a claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. *Mouzon, supra* at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. *Id.* at 435, 812 A.2d at 627.

Further, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super. 2013) (internal citation omitted). *See also Commonwealth v. Griffin*, 804 A.2d 1, 9 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S. Ct. 2984, 162 L.Ed.2d 902 (2005) (noting that allegation that sentencing court did not consider evidence of good behavior in prison, alleged brain damage, and limited mental capacity does not raise a substantial question). Nevertheless, an excessive sentence claim **in conjunction** with a claim that the sentencing court failed to consider certain mitigating factors raises a substantial question. *Commonwealth v. Caldwell*, 117 A.3d 763, 769-70 (Pa.Super. 2015).

Instantly, Appellant timely filed notices of appeal at each underlying docket and preserved his sentencing challenge in a post-sentence motion and

a Rule 2119(f) statement. Further, his excessiveness claim coupled with his complaint that the court failed to consider mitigating factors arguably raises a substantial question for our review. *See id.* Accordingly, we consider the merits of his sentencing issue.

This Court reviews discretionary sentencing challenges based on the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

*Commonwealth v. McNabb*, 819 A.2d 54, 55 (Pa.Super. 2003) (quoting *Commonwealth v. Hess*, 745 A.2d 29, 30-31 (Pa.Super. 2000)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, "a court is required to consider the particular circumstances of the offense and the character of the defendant." *Griffin, supra* at 10. "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.*

... Where the sentencing court had the benefit of a [pre-

- 11 -

sentence investigation ("PSI") report], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors).

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010).

Instantly, the trial court explained that it had considered the sentencing guidelines and all relevant mitigating factors when formulating Appellant's sentence. (*See* Trial Court Opinion, 10/21/24, at 3). Appellant's prior record score was two, and based upon the guidelines and offense gravity scores for his offenses, the court imposed either below guideline or standard guideline sentences. (*See id.* at 3-4).[3] The court further explained its sentencing rationale as follows:

> This [c]ourt considered the [PSI] report, arguments of counsel, the sentencing memorandum prepared by the Commonwealth, video footage of the robberies, and witness testimony in support of Appellant. Specifically, this [c]ourt took into consideration Appellant's struggles with depression and PTSD, as well as his substance abuse issues. Appellant's brother passed away shortly before the robberies, and Appellant was also struggling with unemployment during the COVID-19 pandemic. This [c]ourt noted that Appellant did not have a prior history of violent crime, and these incidents appeared to be out of character. This [c]ourt also considered the testimony of Appellant's girlfriend, who voiced her strong support for Appellant and her dedication to help him find counseling,

_____

[3] Appellant also acknowledges that he received standard guideline or mitigated-range sentences for each offense. (*See* Appellant's Brief at 13).

employment, and stable housing. Most importantly, this [c]ourt took into consideration Appellant's genuine remorse for his actions. During allocution, Appellant took full responsibility for his actions, apologized to his victims multiple times, and explained the steps he was taking to better himself while incarcerated.

This [c]ourt balanced the mitigating information against the severity and danger of Appellant's criminal conduct. Appellant committed 11 separate gunpoint robberies in 10 days. He was on probation when he committed these offenses. During one robbery, a 13-year-old boy was briefly held at gunpoint. The gun recovered from Appellant was loaded and fully operable. This [c]ourt carefully balanced all of these factors, stating "[the victims were] wondering if it's going to be the last minute they're alive. It's terrifying. And I really feel for them. And I feel for you too …. sometimes life just goes off the rails." Based on all of this, this [c]ourt determined that, while Appellant deserved a mitigated sentence, "[e]ach of these acts are separate incidents, which is why I'm running your sentence consecutively. Because every victim deserves to have their sentence run, because it was a separate incident…. For the record, that is mitigated to run consecutively to take into account for all the different complainants." It is therefore clear from the record that this [c]ourt did not abuse its discretion in fashioning Appellant's sentence.

(Trial Court Opinion at 3-5) (internal citations omitted).

The record reflects that the court had the benefit of a PSI report and considered the mitigating factors therein. Thus, the record belies Appellant's claim that the court failed to consider relevant mitigating factors, which would include Appellant's need for mental health and drug treatment. *See Moury, supra*; *Tirado, supra*. Further, we cannot say that the court erred or abused its broad sentencing discretion by imposing consecutive sentences despite the mitigating factors in this case. As the court properly observed, Appellant had committed 11 serious gunpoint robberies, with a loaded firearm, on many

different complainants. *See Commonwealth v. Lawrence*, 313 A.3d 265 (Pa.Super. 2024), *appeal denied*, ___ Pa. ___, 327 A.3d 616 (2024) (explaining that defendants convicted of multiple criminal offenses are not entitled to volume discount on their aggregate sentence). On this record, we see no reason to disrupt the court's sentencing discretion. *See McNabb, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2025