J-S38021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BABISH | : | |
| | : | |
| Appellant | : | No. 765 EDA 2025 |

Appeal from the Judgment of Sentence Entered November 5, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002497-2024

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.: **FILED NOVEMBER 21, 2025**

Appellant, Michael Babish, appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following his guilty plea to burglary.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On September 18, 2024, Appellant entered a guilty plea to one count of burglary of an overnight accommodation, no person present. Appellant agreed to the following factual basis for his conviction:

> [On June 26, 2024], J.H., a 14-year-old juvenile, was at home and heard someone knock on the side door of the house. The juvenile thought it was his uncle, so initially he ignored the knock. He heard a second knock and then decided to call his uncle to see if he was there. His uncle stated he was not at the house, so the juvenile went out of his room to check and see who was knocking. At this time he heard footsteps inside the house. He stated [that] he

_____

[1] 18 Pa.C.S.A. § 3502(a)(2).

woke his grandfather up. And after doing so, they observed [Appellant] on the second story of the residence inside the master bedroom. They called out to him. [Appellant] attempted to flee the residence and the two of them gave chase. Another individual, a Claudette Herod, was in the driveway as they chased him out. The juvenile stated that he caught up with [Appellant] and started to hit him in order to get him to stop running. He observed [Appellant] to be in possession of a knife, a folding knife, which he was attempting to open at that time. There was a second passerby, an Andrew Laudenslager, who observed the struggle and tackled [Appellant] to the ground and restrained him until the police arrived. The family checked their belongings and they checked [Appellant's] belongings and could not find any items that had been taken from the house.

(N.T. Plea Hearing, 9/18/24, at 14-15). The court discussed with the parties that Appellant would benefit from a lower offense gravity score ("OGS") by pleading to the charge of burglary, no person present, even though that was "a fiction" based on the facts of the offense. The court further explained to Appellant that it was not bound by the sentencing guidelines and could impose a sentence that deviates from the recommended range. Appellant affirmed that he understood and wished to enter a guilty plea. After conducting a colloquy, the court accepted Appellant's plea as knowing, intelligent and voluntary.

The court held a sentencing hearing on November 5, 2024. At the beginning of the hearing, the court asked all parties whether they reviewed the pre-sentence investigation ("PSI") report and inquired whether Appellant had any objections or corrections to the report. Appellant's counsel indicated that there was an error in the section outlining Appellant's prior criminal

history. Specifically, Appellant noted that the PSI report stated that Appellant pled guilty to a prior burglary involving an 88-year-old woman. Appellant acknowledged that he pled guilty to burglary in the prior case but stated that it did not involve an 88-year-old victim. In response, the court expressed some doubts regarding Appellant's overall truthfulness based on statements that Appellant made regarding the instant case. Nevertheless, the court accepted Appellant's correction and indicated that it would not consider the presence of an 88-year-old victim in its sentencing decision. Aside from this correction, Appellant's counsel did not express any other objections to the PSI report.

Appellant testified that he was sexually and physically abused when he was a child and has only recently begun addressing the lingering traumatic effects of his childhood. Appellant testified that he turned to drugs and alcohol to deal with his trauma, which led to the commission of criminal acts to fund and support his addiction. Appellant expressed his desire to work on his mental health and substance abuse issues and turn his life around. Appellant further acknowledged that he traumatized the victims in this case and expressed remorse for his actions.

The Commonwealth presented a victim impact letter written by the 14-year-old victim's grandmother. She stated that she is still scared as a result of the incident and has difficulty sleeping at night. She further reported that her grandson no longer goes to the park and often runs upstairs when the doorbell rings. The Commonwealth further highlighted Appellant's extensive

criminal history, including multiple prior convictions for burglary.

The court sentenced Appellant to 60 to 120 months' incarceration, which was above the aggravated range of the sentencing guidelines.[2] The court acknowledged that it was deviating from the sentencing guidelines and stated its reasons on the record. The court stated that it considered Appellant's history of abuse as a child but noted that Appellant was now 56 years old with an extensive criminal history. In reviewing Appellant's criminal history, the court explained that Appellant had been arrested 20 times, 14 of which were for burglary or theft related offenses. The court highlighted that Appellant had 17 prior convictions, many of which were burglaries or theft related offenses. The court further found it significant that Appellant was on parole for a prior burglary conviction at the time that he committed the instant offense. The court also noted that Appellant had previously participated in substance abuse treatment but was discharged against facility advice.

The court highlighted the aggravating circumstances in the instant case. The court noted that a 14-year-old minor and his grandfather were present in the house that Appellant burglarized. Additionally, Appellant had a folding knife that he was attempting to open during a physical confrontation with the 14-year-old victim. The court further found it significant that Appellant

_____

[2] Based on the OGS for this offense and Appellant's prior record score, the sentencing guidelines recommended a standard range sentence of 20 to 26 months' incarceration, with an aggravated range sentence of up to 32 months' incarceration. The statutory maximum sentence for this offense is 240 months' incarceration.

attempted to minimize his actions instead of taking full accountability when he was interviewed for the PSI report. Specifically, the court noted that Appellant downplayed the size of the knife and crowbar that he was carrying on the night of the incident. Appellant also stated that he entered the house to purchase drugs from the 14-year-old victim. The court did not find Appellant's statements credible, particularly in light of the fact that Appellant did not initially report this to the police when he was interviewed. Based on the foregoing, the court concluded that a sentence above the aggravated range of the sentencing guidelines was warranted.

On November 15, 2024, Appellant filed a timely post-sentence motion, which the court denied on February 24, 2025. Appellant filed a timely notice of appeal on March 20, 2025. On March 21, 2025, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on March 28, 2025.

Appellant raises the following issue for our review:

> Should the judgment [of sentence] be vacated and the case remanded in that the [trial court] sentenced [Appellant] to a minimum sentence of 60 months, which was outside the sentencing guidelines, greatly in excess of the upper limit of the aggravated range, 32 months, which was imposed citing impermissible factors, such as prior arrests of the Appellant which did not result in convictions, and matters irrelevant to the offenses, which, furthermore, demonstrates possible bias and ill-will?

(Appellant's Brief at 5).

Appellant argues that the court imposed a sentence that was beyond the aggravated range of the sentencing guidelines based on impermissible

- 5 -

factors. Specifically, Appellant claims that the court accepted Appellant's guilty plea to a burglary charge with no persons present and yet imposed a sentence that exceeded the guideline range for this offense based on the fact that there were victims present in the residence. Appellant further claims that the court impermissibly referenced Appellant's prior arrests that did not result in convictions. Additionally, Appellant argues that the court "considered an impermissible factor in sentencing, *i.e.*, the court's opinion, which was reached without evidence in the record, that [Appellant] had claimed during a presentence investigation interview that the [14 year-old-victim] of the home he burglarized was a drug dealer." (*Id.* at 9). Appellant contends that the court's questioning of the credibility of Appellant's statements demonstrated the court's bias and ill-will towards Appellant. Appellant concludes that the court abused its sentencing discretion by imposing an excessive sentence by relying on impermissible factors, and this Court should vacate the judgment of sentence. We disagree.

As presented, Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Shugars*, 895 A.2d 1270 (Pa.Super. 2006) (stating claim that sentence was excessive based on impermissible factors constitutes challenge to discretionary aspects of sentencing). "Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S. Ct. 2450, 174

L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 1410 [now Rule 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting **Commonwealth v. Hyland**, 875 A.2d 1175, 1183 (Pa.Super. 2005)).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." **Phillips, supra** at 112 (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830

A.2d 1013, 1018 (Pa.Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (quoting *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super. 2011)).

Instantly, Appellant timely filed his notice of appeal, he preserved his sentencing issue by including it in his post-sentence motion, and his appellate brief includes a Rule 2119(f) statement. Appellant's claim also raises a substantial question as to the appropriateness of the sentence imposed. *See Commonwealth v. Allen*, 24 A.3d 1058, 1064-65 (Pa.Super. 2011) (stating that substantial question is raised when appellant alleges that sentence is excessive because of trial court's reliance on impermissible factors). *See also Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa.Super. 2008), *appeal denied,* 602 Pa. 666, 980 A.2d 607 (2009) (concluding that substantial question may exist where appellant contends that sentencing court exceeded recommended range in sentencing guidelines without providing adequate basis). Accordingly, we proceed to address the merits of Appellant's issue.

This Court reviews discretionary sentencing challenges based on the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on

appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

***Commonwealth v. McNabb***, 819 A.2d 54, 55 (Pa.Super. 2003) (quoting

***Commonwealth v. Hess***, 745 A.2d 29, 30-31 (Pa.Super. 2000)).

"When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S. Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id.*** When considering the propriety of a sentence that falls above the guideline ranges, but below the statutory maximum, this Court has noted:

> When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it [is] not bound by the Sentencing Guidelines. The court may deviate from the recommended guidelines; they are merely one factor among many that the court must consider in imposing a sentence. A court may depart from the guidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. When a court chooses to depart from the guidelines, however, it must demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Further, the court must provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. The requirement that the court provide a contemporaneous

written statement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence.

*Commonwealth v. Durazo*, 210 A.3d 316, 320–21 (Pa.Super. 2019) (internal citations and quotation marks omitted).

Here, the court stated on the record that it considered the sentencing guidelines and determined that a sentence above the aggravated range was appropriate in this case based on the sentencing factors. The court considered the gravity of the offense and noted that there were aggravating factors present, including the presence of a young victim and Appellant's willingness to engage the young victim with a weapon. Even though Appellant entered a guilty plea to burglary, no person present, Appellant affirmed this factual basis for his offense at the plea hearing. The court is mandated to consider the particular circumstances of the offense in imposing a sentence. *See Griffin, supra*. As such, we cannot say that it was improper for the court to consider the underlying details of the factual basis of the offense that Appellant agreed was true.[3]

_____

[3] To the extent that Appellant is arguing that the court accepted Appellant's guilty plea to an offense with a lower OGS with the intention of ignoring the lower guideline range, we find no support in the record for this assertion. At the plea hearing, the court clearly explained to Appellant that it was not bound by the sentencing guidelines. The court further informed Appellant that it would not impose a sentence immediately but order a PSI report and consider the totality of the circumstances to impose an appropriate sentence. At the sentencing hearing, the court stated that it considered the sentencing guidelines, acknowledged that it was deviating from the recommended range,
*(Footnote Continued Next Page)*

Additionally, the court considered Appellant's extensive criminal history, including repeated theft related offenses. The court mentioned the number of times that Appellant was arrested for theft related offenses while reciting Appellant's criminal history. Nevertheless, the court explained in its Rule 1925(a) opinion that while it briefly mentioned Appellant's arrest history, it did not consider the arrests in its sentencing decision. Rather, the court considered Appellant's 17 prior convictions, many of which were for theft related offenses, and the fact that Appellant was on parole for a prior burglary at the time that he committed the instant burglary.[4] The court found this criminal history significant in weighing the need to protect the public and evaluating Appellant's rehabilitative potential.

The court also considered Appellant's willingness to take accountability for his actions in evaluating Appellant's rehabilitative potential. Appellant

_____

and stated its reasons for doing so. On this record, we cannot say the court accepted Appellant's guilty plea with the intention of ignoring the sentencing guidelines. Rather, the court considered the guidelines and exercised its discretion to deviate from the guidelines after considering the relevant sentencing factors.

[4] Appellant cites to **Commonwealth v. Berry**, __ Pa. __, 323 A.3d 641 (2024) to support his argument. In **Berry**, our Supreme Court concluded that the trial court erred in considering the appellant's arrest record as a factor during sentencing. Nevertheless, the appellant in **Berry** had a prior record score of zero and the trial court expressly considered appellant's arrest record during sentencing to essentially negate the fact that Appellant did not have a prior criminal record. This case is materially distinguishable. Here, Appellant has an extensive criminal history consisting of 17 prior convictions. The court merely mentioned Appellant's arrest history when discussing Appellant's criminal record and did not consider it as a factor during sentencing.

claims that the court's consideration of Appellant's statements in the PSI report that the young victim was selling drugs was irrelevant and improper.[5] Nevertheless, the court found that this statement was indicative of Appellant's continuous efforts to minimize his actions. Thus, we see no impropriety in the court's consideration of the veracity of Appellant's own words about the offense in evaluating Appellant's willingness to take accountability and overall rehabilitative potential. *See Commonwealth v. Walls*, 592 Pa. 557, 573, 926 A.2d 957, 967 (2007) (approving sentencing court's consideration of defendant's prior account of offense as factor in evaluating defendant's character for sentencing). Furthermore, the court stated its reasons for questioning the credibility of Appellant's statement regarding the victim, including the young age of the victim and the fact that Appellant initially gave a different account of events to the police. As such, the mere fact that the court found Appellant's account incredible does not demonstrate that the court exhibited partiality, bias or ill will towards Appellant. [6]

_____

[5] To the extent that Appellant is claiming on appeal that he did not actually make those statements in the PSI report, Appellant failed to object to the statement in the PSI report when the court inquired whether Appellant had any corrections. As such, Appellant has waived this claim. *See* Pa.R.A.P. 302(a) (stating: "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal").

[6] Appellant also complains that the court expressed doubt about Appellant's truthfulness when he informed the court that he did not plead guilty to a burglary involving an 88-year-old victim, as stated in the PSI report. Nevertheless, while the court did express doubts about Appellant's credibility, *(Footnote Continued Next Page)*

Based on the foregoing, there is no merit to Appellant's claim that the court relied on impermissible factors to support the imposition of a sentence that exceeded the sentencing guidelines. Rather, the court explained on the record that the aggravating factors of Appellant's offense, his history of repeatedly committing similar offenses even while on parole, and his continued failure to take full accountability for his actions warranted a sentence that exceeded the recommended guidelines. *See Durazo, supra*. On this record, we cannot say the court abused its sentencing discretion or exhibited prejudice, partiality or ill-will towards Appellant. *See McNabb, supra*. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/21/2025

_____

the court ultimately accepted Appellant's correction and did not consider this detail as a factor in sentencing.